**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

FILED
APR 15 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**WILLIAM D. MALLON, JR.,**

**Plaintiff,**

v. **CIVIL ACTION NO.** 3:11CV244

**EQUIFAX INFORMATION SERVICES, LLC.**

**SERVE: Corporation Service Company, Registered Agent**
**11 S. 12th Street**
**Richmond, VA 23218,**

**Defendant.**

## COMPLAINT

COMES NOW, the Plaintiff, **WILLIAM D. MALLON, JR.,** by counsel, and for his complaint against the Defendant, alleges as follows:

## INTRODUCTION

1. This case is brought for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), against Defendant Equifax Information Services LLC ("Equifax"). Plaintiff obtained a copy of his credit report from Equifax and discovered that the Defendant was inaccurately reporting a debt that had previously been reaffirmed and paid in full after a Chapter 7 Bankruptcy filing. This lawsuit challenges the manner in which Equifax reports reaffirmed debts and the procedures it follows after a consumer disputes such debts.

2. Equifax uses an automated and systematic procedure to gather and report derogatory Bankruptcy filings in consumer credit reports through its third party vendor, Lexis Nexis. However, it does not follow similarly systematic procedures to gather information from

the bankruptcy courts records for debts that have been reaffirmed by the debtor.

## JURISDCTION

3. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1367 and 1331.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Equifax maintains its registered agent in Richmond. The Plaintiff resides in this District and Division, and this case regards Equifax's use of a third party vendor -Lexis Nexis- as alleged in a related case.

## PARTIES

5. Plaintiff resides in Virginia and is a "consumer" as protected and governed by the FCRA.

6. EQUIFAX INFORMATION SERVICES, LLC, ("***Equifax***") is a Georgia corporation, doing business in Virginia. At all times relevant it was a "consumer reporting agency" as governed by the FCRA.

## FACTS

7. On or about February 21, 2007 the Plaintiff, **WILLIAM D. MALLON, JR. (hereinafter "*Mallon*")** filed his Voluntary Petition for Chapter 7 bankruptcy relief with the United States Bankruptcy Court, Eastern District of Virginia. Included in the bankruptcy filing was a credit card account with Chase Bank, USA.

8. On or about May 3, 2007, ***Mallon*** filed with the Bankruptcy Court a Reaffirmation Agreement with Chase Bank, USA, NA for repayment of the credit card debt that he owed to Chase.

9. By signing the Reaffirmation Agreement with Chase Bank, USA, NA, the

Plaintiff agreed to be personally liable for the debt and that the debt would not be discharged in his bankruptcy.

10. On or about April 16, 2009 ***Mallon*** received a letter that his Reaffirmation Agreement balance had been paid in full.

11. On or about April 2009, ***Mallon*** obtained a copy of his ***Equifax*** credit file and learned the Chase account was reporting as closed and included in bankruptcy.

12. On or about April 15, 2009, ***Mallon*** disputed the account with ***Equifax.***

13. On or about May 9, 2009 ***Equifax*** forwarded the results of its investigation to the Plaintiff and stated that the creditor had verified to Equifax that the account status was being reported correctly. The Chase account was still reporting as included in bankruptcy.

14. ***Mallon*** again disputed with ***Equifax*** the reporting history of the Chase account.

15. On or about May 19, 2009 ***Equifax*** forwarded the results of its investigation to the Plaintiff and indicated the status of the account had been updated, however, the only update noted with regard to this account was a notation that the account had been transferred or sold and it was still reporting the included in bankruptcy status.

16. On or about July 17, 2009 ***Mallon*** again disputed the inaccurate reporting of the Chase account with ***Equifax*** in writing and informed that the debt had been reaffirmed, paid in full and not discharged in his bankruptcy. Plaintiff provided ***Equifax*** with a copy of the letter that he had received confirming that the reaffirmation balance had been paid in full on the Chase account.

17. On or about July 24, 2009 ***Equifax*** forwarded the results of its investigation to the Plaintiff and indicated the creditor had verified to ***Equifax*** that the current status was being

reported correctly. The Chase account was still reporting the status as included in bankruptcy.

18. The reporting of the Chase account status by Equifax was inaccurate and occurred because Defendant failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it publishes and maintains concerning the Plaintiff. Specifically, Equifax does not follow the same automated and systematically rigorous processes to obtain bankruptcy information for accounts that have been reaffirmed after a bankruptcy is filed, that it otherwise follows to obtain the derogatory entry of the initial bankruptcy filing in the first place. In ***Mallon's*** instance, if the Defendant had followed such procedures, it could have reviewed the electronic bankruptcy records showing that on May 3, 2007, Mallon reaffirmed the Chase account.

19. Equifax contracts with third party Lexis Nexis to obtain its bankruptcy public records. Despite its long standing knowledge of consumer disputes of bankruptcy accounts as reaffirmed, Equifax has instructed Lexis Nexis not to obtain and forward reaffirmation agreements.

20. Equifax furnished multiple consumer reports regarding ***Mallon*** to third parties that contained the inaccurate information alleged herein

21. At all times pertinent hereto, Defendant's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, the conduct is willful, as it was intentionally accomplished through intended procedures; these procedures have continued despite the fact that Equifax has already been subject to court decisions in other states critical of its similar conduct; and as Equifax's diligence in collecting and reporting derogatory information is believed by it to be of greater economic value than follow up information that would fully cancel or render the previous reporting of the

public record irrelevant.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

**COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**

23. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

24. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiff and other class members.

25. As a result of the conduct, actions, and inactions of the Defendant as alleged in this Count, the Plaintiff suffered credit score damage.

26. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

27. The Plaintiff is entitled to recover damages, costs, and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT TWO: VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(1)**

28. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

29. Defendant violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the account disputed by ***Mallon*** was accurate, complete, and current and to record the current status of the disputed information following the reinvestigation.

30. As a result of the conduct, actions, and inactions of the Defendant as alleged in this Count, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

31. Defendant's violation of 15 U.S.C. § 1681i(a)(1) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

32. The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff moves for a money judgment and injunctive relief against the Defendant, as alleged and for attorney's fees and costs, and such other specific or general relief the Court does find just and appropriate.

TRIAL BY JURY IS DEMANDED.

**WILLIAM D. MALLON, JR.,**

By: ______________________

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
(Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: lenbennett@clalegal.com

SUSAN M. ROTKIS, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*