UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

WILLIAM D. MALLON, JR.,

     Plaintiff,

v.                                          Civil Action No. 3:11-cv-00244-REP

EQUIFAX INFORMATION SERVICES LLC,

     Defendant.

### ANSWER AND DEFENSES OF DEFENDANT
### EQUIFAX INFORMATION SERVICES LLC

Defendant, Equifax Information Services LLC ("Equifax"), through its undersigned counsel, submits the following Answer and Defenses to Plaintiff's Complaint ("Complaint").

### PRELIMINARY STATEMENT

In submitting its Answer and Defenses to the Complaint, Equifax states that it is responding to the Complaint for itself only, even where Plaintiffs' allegations refer to alleged conduct of entities other than Equifax.  Furthermore, Equifax denies all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required.

### ANSWER

In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

1.     Equifax denies that Plaintiff can state a claim against Equifax under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.* or any other authority and denies that

Plaintiff is  entitled to the damages and other relief he seeks in this action as to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 1.

2. Equifax admits that it uses a public records vendor, LexisNexis, to gather public records from the bankruptcy court.  Equifax denies the remaining allegations in Paragraph 2.

3. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

4. Equifax admits that it maintains a registered agent in Richmond, Virginia. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

5. Upon and information and belief, Equifax admits that Plaintiff is a consumer as defined by the FCRA.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6. Equifax admits the allegations in Paragraph 6.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     Equifax admits that Plaintiff obtained his credit file in April 2009.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12.     Equifax admits the allegations in Paragraph 12.

13.     Equifax admits the allegations in Paragraph 13.

14.     Equifax admits that it received a second dispute from Plaintiff on or about May 10, 2009.

15.     Equifax admits that it forwarded the results of its reinvestigation to Plaintiff on or about May 19, 2009 and states that the results speak for themselves.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16.     Equifax admits that it received another dispute from Plaintiff concerning the subject account on or about July 17, 2009 and that the dispute included a letter that Plaintiff stated was from Chase.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in  Paragraph 16.

17.     Equifax admits the allegations in Paragraph 17.

18.     Equifax denies the allegations in Paragraph 18.

19.     Equifax admits the allegations in the first sentence of Paragraph 19.  Equifax denies the remaining allegations in Paragraph 19.

20.     Equifax denies the allegations in Paragraph 20.

21.     Equifax denies the allegations in Paragraph 21.

22.     Equifax denies the allegations in Paragraph 22.

23.     Equifax restates and incorporates its responses to the above paragraphs as though fully set forth herein.

24.     Equifax denies the allegations in Paragraph 24.

25.     Equifax denies the allegations in Paragraph 25.

26.     Equifax denies the allegations in Paragraph 26.

27.     Equifax denies the allegations in Paragraph 27.

28.     Equifax restates and incorporates its responses to the above paragraphs as though fully set forth herein.

29.     Equifax denies the allegations in Paragraph 29.

30.     Equifax denies the allegations in Paragraph 30.

31.     Equifax denies the allegations in Paragraph 31.

32.     Equifax denies the allegations in Paragraph 32.

33.     Equifax denies that Plaintiff is entitled to any of the relief set forth in his Prayer for Relief.

34.     Equifax admits that Plaintiff demand a trial by jury.

### DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to Plaintiff's Complaint:

### FIRST DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

## SECOND DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

## THIRD DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and disputes, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FOURTH DEFENSE

Plaintiff's damages, if any, were caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax.

## FIFTH DEFENSE

Plaintiff has not sustained any damages.

## SIXTH DEFENSE

Plaintiff has not alleged any injury in fact.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims against Equifax may be barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

## NINTH DEFENSE

Plaintiff's Complaint seeks the imposition of punitive damages.  Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or

provided by the United States Supreme Court in the following cases: <u>BMW v. Gore</u>, 517 U.S. 559 (1996); <u>Cooper Indus., Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 923 (2001) and <u>State Farm v. Campbell</u>, 538 U.S. 408 (2003).

### TENTH DEFENSE

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in <u>Safeco Insurance Co. of America v. Burr</u>, 127 S. Ct. 2201 (2007).

### ELEVENTH DEFENSE

Plaintiff failed to mitigate his damages, if any.

### TWELFTH DEFENSE

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

### THIRTEENTH DEFENSE

Equifax asserts the terms and provisions of any of Plaintiff's bankruptcy filings and/or reaffirmation agreements.

### FOURTEENTH DEFENSE

Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     That Equifax be dismissed as a party to this action;

(3)     That this lawsuit be deemed frivolous and Equifax recover from plaintiffs its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)     That Equifax recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 10th day of June, 2011.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Associates
12515 Warwick Boulevard
Suite 100
Newport News, Virginia  23606
lenbennett@clalegal.com
srotkis@clalegal.com
*Counsel for Plaintiff*


/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com